IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STACYE DEATON, on behalf of
herself and all others similarly situated                                                PLAINTIFF

VS.                                    CASE NO. 1:12-CV-01029

FRITO-LAY NORTH AMERICA, INC.; and
PEPSICO, INC.                                                                          DEFENDANTS

### ORDER

Before the Court is Plaintiff's Motion to Remand. (ECF No. 5). Defendants have responded. (ECF No. 17). The matter is ripe for the Court's consideration. For the following reasons, the motion will be granted.

### BACKGROUND

Plaintiff filed this putative class-action suit in Ouachita County, Arkansas Circuit Court on February 24, 2012. Like several class actions before hers, she contends that Frito-Lay, which is owned by Pepsico, deceptively marketed several of its products, including Tostitos and SunChips. The deception, according to Plaintiff, consists in labeling as "All Natural" products containing genetically modified (GMO) corn and hexane-extracted soybean oil. Plaintiff argues that Defendants' marketing violates the Arkansas Deceptive Trade Practices Act and has unjustly enriched Defendants at Plaintiff's expense.

Defendants removed the case to this Court on April 4, 2012, relying on diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) (2006).

Plaintiff now moves the Court to remand the case to Ouachita County Circuit Court because this Court lacks jurisdiction over it.

## DISCUSSION

For a case to be heard in federal court, CAFA requires, among other things, that the case's amount in controversy be greater than $5 million. That is the only CAFA requirement at issue in this case. Plaintiff argues that she has put less than $5 million in controversy by stipulating not to accept more. Defendants contend, on the other hand, that Plaintiff has failed to sufficiently cap the amount in controversy.

A defendant invoking federal-court diversity jurisdiction through removal must prove the required statutory amount in controversy by a preponderance of the evidence. *Hargis v. Access Capital Funding,* LLC, 674 F.3d 783, 798 (8th Cir. 2012) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)). The defendant does not have to prove by a preponderance that the amount in controversy *is* more than the statutory amount, but rather that a fact finder *might* legally conclude that it is. *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781 (8th Cir. 2009) (quoting *Bell*, 557 F.3d at 958)). If a defendant meets its burden, then a plaintiff seeking remand must establish to a legal certainty that the amount in controversy is less than the statute requires. *Bell*, 557 F.3d at 956.

In this case, the Court need not consider whether Defendants have shown by a preponderance that the amount in controversy might exceed the statutory minimum; the Plaintiff's stipulations, if they are binding, are enough to establish to a legal certainty that the statutory minimum is not met.

Removal is defeated by adding to the complaint a binding stipulation promising not to seek greater damages than the jurisdictional minimum. *Id.* at 958. The parties in this case agree on that point. They disagree on whether Plaintiff's stipulations are binding.

Defendants find four basic faults in Plaintiff's stipulations: 1) Plaintiff has stipulated only for herself, rather than for the class; 2) Plaintiff has not capped her potential restitution recovery; 3) Plaintiff's stipulations are made in bad faith; and 4) Plaintiff may not stipulate on behalf of absent class members. The Court finds none of these points persuasive.

### I.     Singular stipulation

Defendants first argue that Plaintiff has stipulated only on her own behalf, rather than on the class's behalf, as allegedly required. Indeed, Plaintiff's stipulations are all in the first person, e.g., "I do not seek and will not accept…." (ECF No. 3, at 20). Defendants contend that Plaintiff's stipulation is invalid unless she explicitly states that she is stipulating on behalf of the class. Eighth Circuit case law, however, does not require Plaintiff to be that specific.

In *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009), the court noted that the class-action plaintiff could have defeated removal by stipulating that "he would not seek damages greater than the jurisdictional minimum…." In other words, a stipulation solely on the plaintiff's own behalf would have sufficed. Likewise, in *Zellner-Dion v. Wilmington Finance, Inc.*, No. 10-CV-2587 (PJS/JSM), 2012 WL 2952251, at *3 (D. Minn. July 19, 2012), the district court stated that the plaintiff could have relied on her claimed attorney-fee amount if "she had stipulated that she would seek no more than that." Again the required stipulation was singular. Finally, in *Tuberville v. New Balance Athletic Shoe, Inc.*, No. 1:11-CV-01016, 2011 WL 1527716 (W.D. Ark. Apr. 21, 2011), the Court found that a stipulation identical to Plaintiff's stipulation here was binding.

Plaintiff obviously intended her stipulation to bind the whole class, and the Court finds the stipulation sufficient on that point.

## II. Restitution v. damages

Defendants next argue that Plaintiff has capped only her *damages* recovery, and consequently has left her unjust-enrichment theory's *restitution* recovery uncapped. The two types of recovery are different. The focus of damages is the harm to the victim, while the focus of restitution is the gain realized by the wrongdoer. *See* Howard W. Brill, *Arkansas Law of Damages* § 1:2 (5th ed. 2004). Nevertheless, Plaintiff has capped not just her "damages," but also her "award." In Arkansas, a restitution recovery for unjust enrichment is considered an award. *See Deutsche Bank Nat'l Trust v. Austin*, 2011 Ark. App. 531, at 9, ___S.W.3d___,___ ("An unjust-enrichment award is generally based upon the value of the benefit conferred upon the party unjustly enriched."). Thus, by capping her *award*, Plaintiff has capped her restitution recovery as well as her damages recovery.

## III. Bad faith

Defendants also argue that Plaintiff's stipulations are invalid because they were the product of Plaintiff's bad faith. As evidence of Plaintiff's bad faith, Defendants cite "the obvious ambiguity" of Plaintiff's stipulations and the fact that Plaintiff plainly desires to leave federal court.

The Court has already noted that Plaintiff's stipulations are not intentionally ambiguous. Moreover, a "law-driven forum preference" is not bad faith. *Murphy v. Reebok International, Ltd.*, No. 4:11-CV-214-DPM, 2011 WL 1559234, at *2 (E.D. Ark. Apr. 22, 2011). In fact, stipulating to damages to avoid removal is allowed in the Eighth Circuit. *Rolwing v. Nestle*

*Holdings, Inc.*, 666 F.3d 1069, 1072 (8th Cir. 2012). The Court thus does not find any bad faith in Plaintiff's stipulations.

### IV.     Stipulating for absent class members

Finally, Defendants argue that Plaintiff may not stipulate for absent class members. Defendants cite *Back Doctors Ltd. v. Metropolitan Property & Cas. Ins. Co.*, 637 F.3d 827 (7th Cir. 2011), and other out-of-circuit cases for that point. According to *Back Doctors*, however, a plaintiff may "tie its own hands" by stipulating to damages to prevent removal. *Id.* at 831. Moreover, the Eighth Circuit has found that a plaintiff could bind absent class members. *Rolwing*, 666 F.3d at 1073. Thus, under both *Back Doctors* and *Rolwing*, Plaintiff may stipulate for absent class members.

### CONCLUSION

For the above reasons, the Court finds Plaintiff's stipulations create a legal certainty that her class members will not recover more than $5 million. The Court therefore lacks jurisdiction over this case. Accordingly, Plaintiff's Motion to Remand (ECF No. 5) should be and hereby is **GRANTED**. This case is hereby remanded to Ouachita County Circuit Court for further proceedings. Because the Court lacks jurisdiction over this case, Defendants' pending motion to transfer (ECF No. 7) is **DENIED AS MOOT**.

IT IS SO ORDERED, this 11th day of September, 2012.

>                            /s/ Susan O. Hickey
>                            Hon. Susan O. Hickey
>                            United States District Judge