IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STACYE DEATON, on behalf of
herself and all others similarly situated                                        PLAINTIFF

VS.                              CASE NO. 1:12-CV-01029

FRITO-LAY NORTH AMERICA, INC.; and
PEPSICO, INC.                                                                    DEFENDANTS

## ORDER

On September 11, 2012, this Court granted Plaintiff's Motion to Remand (ECF No. 5) and remanded this case to the Ouachita County Circuit Court for further proceedings. The Court's remand decision was based upon Plaintiff's stipulation which limited the class recovery to a sum less than the amount-in-controversy required by the Class Action Fairness Act. Defendants appealed the decision. On March 26, 2013, the Eighth Circuit Court of Appeals summarily remanded the case to this Court for reconsideration in light of the Supreme Court's recent decision regarding stipulations made on behalf of absent class members. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).

Plaintiff's Motion to Remand (ECF No. 5) is now before the Court for reconsideration. Each of the parties has filed supplemental briefs. (ECF Nos. 28, 30-31). The Court finds this matter ripe for consideration.

## BACKGROUND

Plaintiff filed this putative class-action suit in Ouachita County, Arkansas Circuit Court on February 24, 2012. Like several class actions before hers, she contends that Frito-Lay, which

is owned by Pepsico, deceptively marketed several of its products, including Tostitos and SunChips. The deception, according to Plaintiff, consists in labeling as "All Natural" products containing genetically modified (GMO) corn and hexane-extracted soybean oil. Plaintiff argues that Defendants' marketing violates the Arkansas Deceptive Trade Practices Act and has unjustly enriched Defendants at Plaintiff's expense.

Defendants removed the case to this Court on April 4, 2012, relying on diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) (2006). Plaintiff now moves the Court to remand the case to Ouachita County Circuit Court for lack of jurisdiction.

## DISCUSSION

For a case to be heard in federal court, CAFA requires, among other things, that the case's amount in controversy be greater than $5 million. That is the only CAFA requirement at issue in this case. While Plaintiff previously argued that she put less than $5 million in controversy by stipulating not to accept more, she now acknowledges that the Supreme Court's recent decision in *Standard Fire Ins. Co. v. Knowles* definitively states that such stipulations may not prevent removal under CAFA. 133 S. Ct. at 1348 (holding that, in order to defeat CAFA jurisdiction, a stipulation must be binding, and a plaintiff bringing a proposed class action cannot bind members of the proposed class before it is certified.). Accordingly, the only issue that remains is whether Defendants have submitted sufficient evidence showing that that the amount in controversy exceeds $5 million.

A defendant invoking federal-court diversity jurisdiction through removal must prove the required statutory amount in controversy by a preponderance of the evidence. *Hargis v. Access Capital Funding,* LLC, 674 F.3d 783, 798 (8th Cir. 2012) (quoting *Bell v. Hershey Co.*, 557 F.3d

953, 956 (8th Cir. 2009)). The defendant does not have to prove by a preponderance that the amount in controversy *is* more than the statutory amount, but rather that a fact finder *might* legally conclude that it is. *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781 (8th Cir. 2009) (quoting *Bell*, 557 F.3d at 958)). If a defendant meets its burden, then a plaintiff seeking remand must establish to a legal certainty that the amount in controversy is less than the statute requires. *Bell*, 557 F.3d at 956.

As evidence that the amount-in-controversy is greater than $5 million, Defendants set forth the following facts:  (1) Plaintiff's complaint seeks relief on behalf of all Arkansas residents who purchased one or more of eleven types of allegedly mislabeled products; (2) Plaintiff does not specify or place any explicit limitation on the class period[1]; and (3)  Plaintiff seeks damages amounting to the entire purchase price of the product, in addition to restitution for unjust enrichment.  Defendants have also submitted an affidavit from Frito-Lay's Senior Finance Manager, Neil Glover, which states that Frito-Lay's revenues from sales of the products in Arkansas were greater than $5 million in both 2010 and 2011.  (ECF No. 1, Exh. C).  The affidavit also states that Frito-Lay's combined net profits for 2010-2011 were greater than $5 million.

Despite these facts and figures, Plaintiff argues that Defendants have not shown by a preponderance of the evidence that the amount-in-controversy is met. Plaintiff's primary concern with the offered evidence is that the sales figures submitted account for sales to distributors and retailers rather than sales to consumers.  Plaintiff maintains that her class is only made up of

---

[1] Plaintiff's Complaint references Defendants' marketing materials which date back to late 2010.  Plaintiff's Complaint also references misleading statements made by Defendants dating back to 2000.

Arkansas consumers, therefore, evidence regarding sales to retailers and distributors is too speculative to establish the amount in controversy.[2]

While the Court recognizes the limitations of the evidence offered by Defendants, the Court finds that they have carried their burden of showing by a preponderance of the evidence that CAFA's amount in controversy requirement has been met. In other words, a fact-finder could easily conclude that Frito-Lay's supplier/retailer sales of over $5 million for both 2010 and 2011 translated to over $5 million in individual consumer sales during the same period. And this amount does not even take into consideration Plaintiff's claims for restitution.

The burden now shifts to Plaintiff to show to a legal certainty that the amount in controversy is $5 million or less. Plaintiff has not even attempted to offer such evidence. Accordingly, the Court finds that Defendants have sufficiently demonstrated that the Court has jurisdiction over this matter.

For the reasons stated above, Plaintiff's Motion to Remand (ECF No. 5) should be and hereby is **DENIED**. The Court's previous order grating remand (ECF No. 20) is hereby vacated.

IT IS SO ORDERED, this 5th day of June, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] The Court assumes *arguendo* that Plaintiff has correctly characterized her class as being limited to individual consumers.